IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES LINSELL AMENUMEY,

      Petitioner,

v.                                             2:26-cv-00555-KG-JMR

KRISTI NOEM, et al.,

      Respondents.

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Charles Linsell Amenumey's motion for a Temporary Restraining Order ("TRO") under Federal Rule of Procedure 65(a). *See* Doc. 2. The Court held a hearing on the TRO application on March 4, 2026. For the reasons below, the Court issues a Temporary Restraining Order ("TRO") requiring the Government to release Mr. Amenumey.

### I.    *Background*

Mr. Amenumey is a 33-year-old Ghanian citizen. Doc. 1 at 4. Mr. Amenumey entered the United States in 2022, near San Diego, California, without inspection. *Id.* The Department of Homeland Security ("DHS") detained him, placed him removal proceedings, and eventually released him on parole. *Id.* Mr. Amenumey timely filed an application for asylum, withholding of removal, and protection under the Convention Against Torture which remains pending. *Id.* at 5. Mr. Amenumey has remained compliant "with all requirements of his immigration case." *Id.* He "has no criminal convictions and no history of violence or dangerous behavior." *Id.* at 4. He was "previously arrested in a single incident; however the charges were dismissed and resulted in no conviction." *Id.* He has a U.S. citizen spouse, who has filed a "Petition for Alien Relative" on his behalf. *Id.* at 5. That petition remains pending. *Id.*

On November 13, 2025, Immigration and Customs Enforcement ("ICE") took Mr. Amenumey into custody during a routine check-in. *Id.* He "has not been afforded a bond hearing before an Immigration Judge." *Id.* He is detained at Otero County Processing Center in Chaparral, New Mexico. *Id*

## II. Standard of Review

A TRO "preserve[s] the status quo [ante]" before a final decision on the merits. *Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). The status quo is "the last peaceable uncontested status…before the dispute developed." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 798 n.3 (10th Cir. 2019). A petitioner seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). "[A]ll four of the equitable factors weigh in" the petitioner's favor, *Sierra Club. v. Bostick,* 539 Fed. App'x 885, 888 (10th Cir. 2013), but "[t]he likelihood-of-success and irreparable-harm factors are the most critical." *People's Trust Fed. Credit Union v. Nat'l Credit Union*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018). "[R]egardless of whether or not notice is provided," a TRO "should not exceed the maximum time allowed by" Rule 65, which is 28 days, "absent consent of the opposing party." *Isler v. New Mexico Activities*, 2010 WL 11623621, at *3 (D.N.M.).

## III. Analysis

For the reasons below, the Court concludes that (A) Mr. Amenumey is likely to succeed on the merits of his habeas petition, (B) he will suffer irreparable harm without injunctive relief, and (C) the balance of equities and the public interest favor relief.

**A.    Mr. Amenumey is likely to succeed on the merits of his petition.**

Mr. Amenumey has established a likelihood of success on the merits of his (1) statutory claim and (2) Fifth Amendment due process claim.

*1.    Mr. Amenumey is likely to succeed on his statutory claim.*

Mr. Amenumey is likely to succeed on his claim that his detention is governed by § 1226(a), not the mandatory detention provision of § 1225(b)(2)(A).  The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States or has already entered the country.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and are "not clearly and beyond a doubt entitled to be admitted."  In that circumstance, the statute provides that the noncitizen "shall be detained" during removal proceedings.  § 1225(b)(2)(A).  "This provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).

By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." § 1226(a).  "Under federal regulations, noncitizens detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.  "Noncitizens who entered the country years earlier are not considered to be 'seeking admission,' and therefore fall under" § 1226(a), "rather than § 1225(b)(2)(A)."  *Id.* at *3; *see also Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (collecting over 300 district-court decisions nationwide).

Because Mr. Amenumey had already affected an entry and was not seeking admission at the time of his arrest, § 1226(a) governs his detention.  Mr. Amenumey entered the United States

in 2022 and was arrested in the interior of the United States.  Doc. 1 at 4.  Mr. Amenumey has therefore shown a strong likelihood of success on his statutory claim.

    2. *Mr. Amenumey is likely to succeed on his constitutional claim.*

   Mr. Amenumey has also met his burden of showing a likelihood of success on his due process claim.  The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  Given that § 1226(a) is controlling here, Mr. Amenumey "is entitled—as a right—to an individualized bond hearing."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).  His redetention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*  Mr. Amenumey therefore meets his burden in demonstrating that he is likely to succeed on his due process claim.

   **B.** ***Mr. Amenumey will face irreparable harm without injunctive relief.***

   Mr. Amenumey has met his burden of showing that his detention causes irreparable harm because the "infringement of a constitutional right" is per se irreparable harm.  *Free the Nipple*, 916 F.3d at 805

### C.    The equities and public interest favor relief.

Finally, any burden on the Government to release Mr. Amenumey from custody and hold a bond hearing is minimal compared to the harm that Mr. Amenumey suffers in detention.  While the Government has an interest in securing Mr. Amenumey's appearance at immigration proceedings, detention has been unnecessary to carry out that interest.  Mr. Amenumey has complied with his bond conditions, has no criminal history, and has timely pursued his application for asylum, withholding of removal, and protection under the Convention Against Torture.  Doc. 1 at 5.  "Faced with a choice between minimally costly procedures and preventable human suffering," the "balance of hardships tips decidedly in [P]etitioner's favor." *Singh v. Andrews*, 2025 WL 1918679, at *7 (E.D. Cal.); *see also Domingo*, 2025 WL 2941217, at *4 (same).  The public interest also weighs in Mr. Amenumey's favor; it is "not in the public's interest to allow unexplained detention."  *Domingo*, 2025 WL 2941217, at *4.

## IV.    Conclusion

This TRO restores and preserves the status quo ante pending further proceedings.  IT IS THEREFORE ORDERED that:

1.  Mr. Amenumey's request for a Temporary Restraining Order, Doc. 2, is granted.

2.  The Government is ordered to release Mr. Amenumey within 24 hours of this order. Upon release, the Government may not subject Mr. Amenumey to post-release monitoring or supervision not in place before his detention.

3.  The Government is restrained from redetaining Mr. Amenumey unless it demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Mr. Amenumey is a danger or flight risk.

4.  This order shall remain in effect for 28 days for good cause shown. *See* Fed. R. Civ. P. 65(b)(2).

5.  Given the important constitutional rights at stake for Mr. Amenumey, the Court finds that no bond is required. *See Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003) (providing district courts with "wide discretion under Rule 65(c)" to determine "whether to require security").

6.  The Court reserves ruling on the merits of the habeas petition.

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.