IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES LINSELL AMENUMEY,

    Petitioner,

v.                                                            No. 2:26-cv-00555-KG-JMR

KRISTI NOEM, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Charles Linsell Amenumey's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 9. Following a hearing, the Court issued a Temporary Restraining Order ("TRO") directing the Government to release Mr. Amenumey. Doc. 11. For the reasons below, the Court grants the petition, Doc. 1.

### I.    *Background*

Mr. Amenumey, a 33-year-old Ghanian citizen, entered the United States in 2022 near San Diego, California, without inspection. Doc. 1 at 4. The Department of Homeland Security ("DHS") detained him, placed him removal proceedings, and eventually released him on parole. *Id.* Mr. Amenumey timely filed an application for asylum, withholding of removal, and protection under the Convention Against Torture which remains pending. *Id.* at 5. Mr. Amenumey has remained compliant "with all requirements of his immigration case." *Id.* He "has no criminal convictions and no history of violence or dangerous behavior." *Id.* at 4. He was "previously arrested in a single incident; however the charges were dismissed and resulted in no conviction." *Id.* He has a U.S. citizen spouse, who has filed a "Petition for Alien Relative" on his behalf. *Id.* at 5. That petition remains pending. *Id.*

On November 13, 2025, Immigration and Customs Enforcement ("ICE") took Mr. Amenumey into custody during a routine check-in. *Id.* He "has not been afforded a bond hearing before an Immigration Judge," and is detained at Otero County Processing Center in Chaparral, New Mexico. *Id*

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    Analysis

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Mr. Amenumey's detention, and (B) his detention violates his right to due process.

### A.     *Section 1226 governs Mr. Amenumey's detention.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

2

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added). Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *Pu Sacvin*, 2025 WL 3187432, at *3. The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission." *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.). The Tenth Circuit has not yet addressed this question.

Under this framework, § 1226 governs Mr. Amenumey's detention. Mr. Amenumey entered the United States in 2022 and was arrested during a routine ICE check-in. Accordingly, § 1225's mandatory detention provision does not apply because Mr. Amenumey effected an entry into the United States by living here for years. *Pu Sacvin*, 2025 WL 3187432, at *3.

### B.     Mr. Amenumey's detention violates his right to due process.

Courts analyze due process claims in two steps: first, whether there exists "a protected liberty interest under the Due Process Clause," and second, whether the procedures used to deprive that interest "accord with the Constitution." *Domingo v. Castro*, 2025 WL 2941217, at

3

*3 (D.N.M.). Here, Mr. Amenumey has a protected liberty interest. After living in the United States, noncitizens acquire "a protectable liberty interest in remaining out of custody." *Danierov*, 2026 WL 45288, at *2. Mr. Amenumey's freedom allowed "him to do a wide range of things," including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life." *Id.*

Mr. Amenumey was also entitled to procedural safeguards before he was detained. In determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). To start, Mr. Amenumey's private interest in remaining free from detention is substantial. "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

There is also a significant risk of erroneous deprivation. Although DHS may revoke a noncitizen's freedom "at any time," courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before detaining them. *Danierov*, 2026 WL 45288, at *2. ICE detained Mr. Amenumey without a bond hearing. Because no assessment was made as to whether any material facts had changed, creating a substantial risk of erroneous deprivation of his liberty interest.

Finally, the Government's interest in detaining Mr. Amenumey's without a hearing is limited, and the burden of providing a bond hearing is minimal. While the Government does have a legitimate interest in ensuring that noncitizens attend immigration proceedings, detention is unnecessary to achieve that goal in this case. In fact, ICE arrested Mr. Amenumey at a routine

immigration check in.  Moreover, the "cost of providing a bond determination is not terribly burdensome."  *See Danierov*, 2026 WL 45288, at *2.

### IV.     Conclusion

The Court grants Mr. Amenumey's Petition for Writ of Habeas Corpus, Doc. 1.  Because Mr. Amenumey is already at liberty, the Court enjoins the Government from re-detaining Mr. Amenumey unless it provides an individualized bond hearing before an Immigration Judge under § 1226(a).

The Government shall file a status report within ten business days of this Order confirming that it has provided him with a bond hearing or, alternatively, that he remains at liberty.

IT IS SO ORDERED

s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.